<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                        :

RICKY GALLOWAY,                            :
                                                        :      Civil Action No.  04-350 (AET)
               Petitioner,      :
                                                         :
              v.                        :      **OPINION**
                                                         :
ROY L. HENDRICKS, et al.,     :
                                                         :
               Respondents.   :
_____:

THOMPSON, U.S.D.J.

     Petitioner Ricky Galloway, a prisoner currently confined at the New Jersey State Prison in Trenton, has submitted a <u>pro se</u> petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, in which he asserts that he was denied ineffective assistance of counsel, and raises several grounds for relief.  The State filed an Answer opposing the Petition, accompanied by the record of the state court proceedings.  Petitioner filed a Traverse in response to the Answer.  For the reasons stated herein, the Court will dismiss the Petition as untimely and will also decline to issue a certificate of appealability.

I.  <u>BACKGROUND</u>

     After a jury trial, Petitioner was convicted on three counts of armed robbery, in violation of N.J. Stat. Ann. § 2C:15-1, and one count of aggravated assault, in violation of N.J. Stat. Ann. § 2C:12-1b(4).  Petitioner appealed his conviction to the New Jersey Superior Court, Appellate Division, which affirmed the conviction on April 14, 1997.  Petitioner filed a petition for

certification of an appeal with the New Jersey Supreme Court, which denied the petition on June 30, 1997. On October 5, 1998, Petitioner filed a pro se petition for post-conviction relief ("PCR") with the Superior Court, Law Division, Ocean County. This petition was denied on June 7, 1999, but the court, in response to Petitioner's motion for reconsideration, ordered an evidentiary hearing and appointed counsel. After the evidentiary hearing, the court again denied the Petitioner's motion for post-conviction relief by order dated September 26, 2001. On February 26, 2002, Petitioner appealed the denial of his motion for post-conviction relief to the Appellate Division which, on September 18, 2003, affirmed the Law Division's denial. Petitioner then filed a petition for certification of an appeal with the New Jersey Supreme Court, which was denied on December 9, 2003. This Petition followed. At the time of this filing, Petitioner had exhausted his state law remedies in compliance with 28 U.S.C. § 2254(b)(1)(A).

## II. 28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> With respect to any claim adjudicated on the merits in state court proceedings, the writ

shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405 (2000).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 410.

### III.  ANALYSIS

A.   Timeliness under § 2244(d)

Respondent argues, inter alia, that the Petition is time-barred.  The limitation period for a habeas petition filed pursuant to § 2254 is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

> With respect to tolling, § 2244(d) further provides
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 (3d Cir. 1999). Petitioner's conviction became final on June 30, 1997. Thus, the statute of limitations began to run on September 30, 1997, and expired on September 30, 1998.

    1.    <u>Statutory Tolling</u>

Petitioner concedes that the Petition was filed after the expiration of the limitations period in § 2244(d)(1), but he contends that the application should be considered timely under § 2244(d)(2) because his application for PCR was "properly filed" within the meaning of § 2244(d)(2). Although the Court acknowledges that the PCR application was properly filed, Petitioner's interpretation of § 2244(d)(2) is without merit. See, e.g, Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004); Nicholas v. Pennsylvania, No. 05-1771, 2006 WL 1881228, at *3-4 (M.D. Pa. July 5, 2006).[1] While the plain language of the statute provides that a properly filed

---

[1] Conclusion of "direct review" within the meaning of § 2244(d)(1) is not synonymous with exhaustion of all state remedies. See Kapral v. United States, 166 F.3d 565, 573 (3d Cir. 1999).

application for PCR will toll the one-year statute of limitations, see 28 U.S.C. § 2244(d)(2), the statute of limitations ran out five days before the Petitioner filed his application for PCR. Thus, no time remained from the one-year limitations period that could be tolled. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter, 384 F.3d at 78-79; Boykins v. Hendricks, No. 03-5683, 2005 WL 3406407, at *4 (D.N.J. Dec. 13, 2005).[2] Accordingly, Petitioner's application for PCR, while properly filed, was ineffective to toll the limitations period.

2. Equitable Tolling

Petitioner also argues that he is entitled to equitable tolling of the § 2244(d) limitations period. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, Horn v. Fahy, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

Petitioner asserts that his failure to satisfy the one-year requirement of § 2244(d)(1) "was due to his diligent effort to obtain [the January 8, 1993 arrest report], which was not in his possession prior to filing his PCR petition . . . ." (Traverse at 28.) Under the circumstances, and noting that Petitioner filed his application for PCR only five days after expiration of the § 2244(d)(1) limitations period, the Court could find that Petitioner is entitled to equitable tolling. See Miller,

---

[2] Petitioner presents other arguments in favor of a different reading of § 2244(d)(1) and (2). While these arguments are imaginative, they are also unpersuasive and will not be examined here.

145 F.3d at 618.  However, equitable tolling for these circumstances will apply only to the period between September 30, 1997 and October 5, 1998.  Had Petitioner diligently followed through on his appeal of the denial of his PCR petition, he would have preserved tolling under § 2244(d)(2).  See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  This, however, he did not do, and a substantial period of time accrued between November 10, 2001, the end of the appeals period under N.J. Ct. R. 2:4-1, and the filing of his Notice of Appeal on February 26, 2002.  During this interregnum, the PCR application was not "pending" so the statute of limitations was not tolled under § 2244(d)(2).[3]  See Swartz, 204 F.3d at 421.

For the period after November 10, 2001, Petitioner has not alleged any of the circumstances that would warrant equitable tolling.  See Miller, 145 F.3d at 618-19.  Petitioner noted that his PCR attorney failed to file a timely appeal of the Superior Court's denial (Traverse at 25 n.5).  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are not "extraordinary circumstances" that form a basis for equitable tolling.  See Fahy, 240 F.3d at 244 (citing Freeman v. Page, 208 F.3d 572 (7th Cir. 2000)); accord Schlueter, 384 F.3d at 80 (citing Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002)).  Accordingly, equitable tolling is not warranted.

      3.    Actual Innocence

Petitioner also raises a claim of "actual innocence," which could provide a basis for the Court to excuse Petitioner's failure to file within the limitations period.  Sweger v. Chesney, 294

---

[3]  Although Petitioner was already out of time when he filed his February 26, 2002 appeal, it would appear that this late filing would not have revived tolling.  See Stokes v. Vaughn, 132 Fed App'x 971, 973 (3d Cir. 2005) (statute not tolled by late-filed request to appeal from denial of PCR relief).  See also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir.), cert. denied, 540 U.S. 921 (2003).

F.3d 506, 522 (3d Cir. 2002). To establish actual innocence, a habeas petitioner must "persuade [] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "Actual innocence means 'factual innocence, not mere legal insufficiency.'" Sweger, 294 F.3d at 523 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Petitioner does not offer new evidence that would cause a juror to refuse to convict. Rather, he offers only a possibility that better advocacy could have caused jurors to scrutinize the prosecution's case more closely. This argument falls short of the "actual innocence" test's threshold.

  4. Conclusion

For the reasons stated above, the Court finds that the Petition is untimely.

B. Ineffective Assistance of Counsel

Because the Petition was untimely, the Court need not consider Petitioner's claims of ineffective assistance of counsel. However, the Petition was filed pro se, therefore it should be construed liberally and with a degree of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because the Petitioner sought equitable tolling and advanced an "actual innocence" argument, the Court examined Petitioner's substantive arguments, and the record in his underlying conviction and appeals therefrom. After reviewing the submissions and record in the underlying case, the Court notes that Petitioner's substantive claims appear to lack merit.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). First,

Petitioner must demonstrate that his attorney's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show that the deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. Id. at 693-94.

With regard to counsel's performance, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Here, Petitioner "second guesses" his counsel's performance at several times and places in the record, but does not demonstrate how these alleged deficiencies fell below any objective minimum standard of conduct.

Even if the Court accepts that defense counsel's actions were objectively unreasonable, it is nonetheless difficult to see how Petitioner would have been prejudiced by the alleged shortcomings, especially in light of the evidence presented at trial. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment . . . if the error had no effect on the judgment." Id. at 691. Petitioner does not demonstrate that a different course of action by his counsel would have had any effect on his case. Even if a better, more comprehensive defense would have improved Petitioner's odds at trial, "[i]t is not enough for the [Petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, the error must be "sufficiently serious to warrant setting aside the outcome of the proceeding." Id. No such error is apparent.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of a denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As explained above, the Court has concluded that the Petition is time-barred under § 2244(d), and that neither equitable tolling nor the "actual innocence" test apply in this instance. The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions. Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue. See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V. CONCLUSION

For the reasons set forth above, the Petition is denied. An appropriate order follows.


   /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

DATED: August 2, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICKY GALLOWAY, | : | |
| Petitioner, | : | Civil Action No. 04-350 (AET) |
| v. | : | **ORDER** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

THOMPSON, U.S.D.J.

For the reasons set forth in the Opinion filed herewith,

IT IS on this  2nd  day of   August   , 2006,

ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED; and it is further

ORDERED that no certificate of appealability shall issue under 28 U.S.C. § 2253(c)(2), the Petitioner having failed to make a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the case is CLOSED.

         /s/ Anne E. Thompson    
ANNE E. THOMPSON, U.S.D.J.